**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAYSI NOEMY
HERNANDEZ JORDAN,**

     **Petitioner,**

**vs.**                             **Case No. 4:26cv254-MW-MAF**

**U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,**

     **Respondent.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, proceeding pro se, initiated this case by filing a petition for writ of habeas corpus, ECF No. 1, and paying the filing fee, ECF No. 2. The petition was reviewed to determine if it was sufficient to alert Respondent to the factual basis supporting the petition and if it stated a valid claim. Because it did not, Petitioner was required to file an amended petition no later than June 26, 2026. ECF No. 3. As of this date, Petitioner has not complied.

A habeas petition under 28 U.S.C. § 2241 cannot be entered unless Petitioner is "in custody." However, Petitioner did not allege or otherwise

demonstrate that Petitioner is in "custody."  Instead, Petitioner provided an address of 1530 Commonwealth Business Drive, Tallahassee, Florida, ECF No. 1 at 1, which does not appear to be a jail, prison, or other place of detention.

Second, Petitioner indicated this petition concerned "immigration/ removal."  ECF No. 1 at 2.  Petitioner states that a "guilty" plea was submitted to the charge of being "inadmissible."  *Id.*  Beyond that information, Petitioner said that she has been in the United States since 2015, has good moral character, and two minor children who are United States citizens.  *Id.* at 3.  Petitioner asserts that her "deportation would result in exceptional and extremely unusual hardship" to her children.  *Id.* Thus, it appears that Petitioner may have filed this petition to challenge an order of removal (formerly known as deportation), but Petitioner was given an opportunity to clarify the facts of this case and the relief sought.  ECF No. 3.  She has failed to make that clarification and demonstrate that this Court has jurisdiction over her claims.  *See* 8 U.S.C. § 1252.  Indeed, it does not appear that Petitioner exhausted her administrative remedies

because the initial petition indicated that she did not file an appeal with the Board of Immigration Appeals.  8 U.S.C. § 1252(d)(1).[1]

Notably, Petitioner did not include a request for relief in the initial petition.  ECF No. 1 at 6.  Nevertheless, to the degree that Petitioner may have initiated this case to seek cancellation of a removal order, this Court lacks jurisdiction to do so.  28 U.S.C. § 1252(g).  That statute provides in relevant part that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  *Id.*  Following enactment of the REAL ID Act of 2005, district courts lack habeas jurisdiction to entertain challenges to final orders of removal."  Themeus v. U.S. Dep't of Just., 643 F. App'x 830, 832 (11th Cir. 2016).

Because Petitioner has not clarified the relief sought in this case, demonstrated that she is "in custody," or otherwise prosecuted this action

---

[1] A court may only review a final order of removal if: "(1)the alien has exhausted all administrative remedies available to the alien as of right, and (2)another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order."  8 U.S.C. § 1252(d).

by filing an amended § 2241 petition[2] as directed, this case should be dismissed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus pursuant to § 2241, ECF No. 1, be **DENIED** without prejudice and this case be dismissed.

**IN CHAMBERS** at Tallahassee, Florida, on July 8, 2026.

    S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[2] The initial petition indicated Petitioner was denied asylum and withholding of removal, but was released on her own recognizance in November 2017.  ECF No. 1 at 8.  She had been reporting regularly to immigration officials.  ECF No. 1 at 10-11.

Case No. 4:26cv254-MW-MAF